UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONDRE L. COLEMAN, #252207,

        Petitioner,

v.

        CASE NO. 5:17-CV-10013
        HON. JOHN CORBETT O'MEARA

LORI GIDLEY,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   Introduction**

Michigan prisoner Deondre L. Coleman ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being denied 88 days of good conduct/disciplinary credits. He alleges violations of his equal protection and due process rights under the Fifth and Fourteenth Amendment, an abuse of discretion, an ex post facto violation, and an Eighth Amendment violation. Petitioner filed a request for good time/disciplinary credits with the Oakland County Circuit Court, which was denied on August 16, 2016, as well as a motion for reconsideration, which was denied on October 14, 2016. *See People v. Coleman*, No. 15-255257-FH (Oakland Co. Cir. Ct.). Petitioner indicates that he has not appealed the state court's decision. Petitioner dated his federal habeas petition on December 27, 2016 and it was filed by the Court on January 3, 2017.

For the reasons stated herein, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed

*in forma pauperis* on appeal.

**II.     Analysis**

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner admits that he has not fully exhausted his habeas claims in the Michigan courts before proceeding in this Court on federal habeas review. While he filed a request for disciplinary credits with the Oakland County Circuit Court, he did not pursue an appeal of that court's decision denying him relief. Moreover, he fails to allege or establish that he presented his specific constitutional claims to the state courts in any forum. Petitioner has an available avenue

for relief in the state court system such that his pursuit of state remedies would not be futile. For example, he may be able to pursue an appeal of the Oakland County Circuit Court's decision, and/or seek additional relief in the Michigan courts through the filing of a state habeas corpus petition or a mandamus action. *See Hughes v. Bauman*, No. 10-13255, 2011 WL 6781019, *2 (E.D. Mich. Dec. 27, 2011) (discussing procedure and citing Mich. Ct. R. 3.303(A)(2) and Mich. Ct. R. 3.305(A)(1)); *see also Triplett v. Deputy Warden,* 142 Mich. App. 774, 779-80, 371 N.W.2d 862 (1985); *Butler v. Warden,* 100 Mich. App. 179, 298 N.W.2d 701 (1980). Any doubts about the availability of state corrective processes are resolved in favor of exhaustion. *Lukity v. Elo,* No. 99-CV-74849-DT, 2000 WL 1769507, *4 (E.D. Mich. Oct. 10, 2000). The unexhausted claims should be addressed to, and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

A stay, however, is unwarranted. First, Petitioner does not request a stay nor indicate that his circumstances justify one. Second, none of his habeas claims are exhausted. A court ordinarily cannot stay a petition containing only unexhausted claims. In such a case, a non-prejudicial dismissal of the petition is appropriate. *See Hines v. Romanowski*, No. 2:14–CV–13983, 2014 WL

3

5420135, *2 (E.D. Mich. Oct. 22, 2014) (dismissing case where all claims were unexhausted); *Wilson v. Warren*, No. 06–CV–15508, 2007 WL 37756, *2 (E.D. Mich. Jan.4, 2007) ("a stay of petitioner's application for a writ of habeas corpus would be inappropriate because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (*Rhines* stay and abeyance rule does not apply to a petition alleging only unexhausted claims); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006) ("[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice...."); *McDonald v. Bell*, No. 1:06–cv–406, 2009 WL 1525970 (W.D. Mich. June 1, 2009) (concluding that stay and abeyance procedure does not apply to petition containing only unexhausted claims and dismissing petition); *Mimms v. Russell*, No. 1:08–cv–79, 2009 WL 890509 (S.D. Ohio March 31, 2009) (habeas petition subject to dismissal where petitioner did not exhaust any of his state court remedies on any of his habeas claims); *Murphy v. Feneis*, No. 07–153, 2007 WL 2320540 at *7 (D. Minn. Aug.10, 2007) ("Given the narrow issue before the Supreme Court regarding mixed petitions, this Court refuses to extend *Rhines* to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims.").

       Third, even assuming that Petitioner has not engaged in "intentionally dilatory tactics," he has not shown good cause for failing to exhaust his claims in the state courts before seeking federal habeas relief.  Lastly, while the pleadings before the Court are not entirely clear, some of his claims appear to concern matters of federal law which may not be "plainly meritless."  Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

**III.**     **Conclusion**

4

For the reasons stated, the Court concludes that Petitioner has not properly exhausted his habeas claims in the state courts, that he must do so before proceeding on federal habeas review, and that a stay is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits of a claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

**IT IS SO ORDERED**.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: January 10, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 10, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager